## MABEL D. BROWN, Respondent, v. NORTH DAKOTA WORKMEN'S COMPENSATION BUREAU, Appellant.

(214 N. W. 622.)

**Evidence — verdict sustained by evidence.**
> The evidence in this case fully sustains the finding of the trial court, viz.: that the respondent was injured in the course of her employment.

Opinion filed June 25, 1927.

Workmen's Compensation Acts, C. J. § 114 p. 115 n. 37.

Appeal from the District Court of Ward County, North Dakota, *Lowe,* J.

Affirmed.

*Scott Cameron,* for appellant.

The burden of proof is on the plaintiff. Pace v. Bureau, 51 N. D. 815, 201 N. W. 350.

An award should not be made upon surmise and conjecture. Dehn v. Kitchen, 54 N. D. 199, 209 N. W. 362.

We do not find that the courts hold where long continued employment in a class of work which gradually affects the muscles or nerves is an injury or disease within the Compensation Acts. Young v. Melrose Granite Co. 152 Minn. 512, 189 N. W. 426.

*F. B. Lambert,* for respondent.

"The findings of the trial court are presumed to be correct unless

clearly opposed to the preponderance of the evidence." Richards v. N. P. R. Co. 42 N. D. 472, 173 N. W. 778; McCormick v. Union State Bank, 48 N. D. 834, 187 N. W. 421.

It has been held that the best rule of evidence precludes proof by parol evidence that an original private writing does not show a certain fact. 22 C. J. ¶ 1304; Aspinwall v. Chisholm, 109 Ga. 437, 34 S. E. 568.

Testimony of market value based on reports neither offered nor proved trustworthy is incompetent. Schnits Bros. v. Bolles & R. Co. 48 N. D. 673, 186 N. W. 96.

Where land is injured by fire and the extent of the injury to the soil is capable of direct proof, evidence of injuries to other lands by other fires is inadmissible. McGilvra v. Soo Line, 35 N. D. 275, 159 N. W. 854.

A disease resulting directly from unusual circumstances connected with the employment is an injury by accident. Where a primary injury arises out of the employment every consequence which flows from it likewise arises therefrom. Paperboard Co. v. Lewis (Ind.) 117 N. E. 276.

BURKE, J. This is an action for injury under the Workmen's Compensation Act (Laws 1919, chap. 162).

The plaintiff was employed as a telephone operator in the city of Minot, by the Northern States Power Company, and had been engaged in such employment for seven or eight years. She attended the switch boards, on the local board, on rural lines, and also on long distance calls. The equipment she was furnished, and which she used, was the standard equipment, and in proper working order.

The plaintiff claims, that while using her hands at the key board, with no opportunity to remove the head piece, she received in her ears at various times, intense vibrations, static, loud noises, and ringing bells, causing pain, irritation and inflammation of her ears, so severe that she was compelled to, and did, quit work for a period of six months during which time she was unable to work, had her ears treated by Carr & Carr, specialists, and became entirely well.

The claim was refused by the Workmen's Compensation Bureau, and an action was brought, and findings of fact and conclusion of

law, were made in the district court in favor of the plaintiff, and from a judgment thereon, the defendant appeals.

There is but one question involved in the case, and that is a question of fact, viz., Was the plaintiff injured in the course of her employment? It is the contention of the appellant that the evidence is insufficient to sustain the findings of the trial court and to establish the fact that the plaintiff was injured in the course of her employment.

It appears from the record that Doctor A. M. Carr, an eye, ear, and nose specialist, who treated the respondent, and whose qualifications to testify as an expert were admitted by the appellant at the trial, testified that, "in his opinion the injury to respondent's ears was due to her work as a telephone operator," and on cross-examination, in answer to the question, "You arrived at that conclusion by reason of the fact that you could not think of any other cause?" He answered, "Partly so," and when asked, "If his opinion was not largely speculative," he answered, "Probably so;" but still maintained that the injury was a result of her employment, and that he would have given the same opinion to other doctors had they inquired about the case.

In addition to the testimony of the plaintiff and the doctor, there is the testimony of Florence Brogan, chief operator, and a witness for the appellant, who testified, "that the respondent complained to her several days before she quit, that she suggested that she go to see a doctor, that the claim was reported to the Workmen's Compensation Bureau at her suggestion, and the operators did complain of earache, of loud static noises in their ears, of their ears hurting them, and said the noise made them crazy."

The evidence fully sustains the findings and conclusions of the trial court, and the judgment is affirmed.

BIRDZELL, Ch. J., and BURKE, BURR, CHRISTIANSON, and NUESSLE, JJ., concur.